UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

—————————————————————

FLOYD D. CLOUD,                                              Civil No. 07-4219 (DWF/AJB)

              Plaintiff,

       v.                                                              **REPORT AND**
                                                                      **RECOMMENDATION**
JOAN FABIAN,
Minnesota Commissioner of Corrections,

              Defendant.

—————————————————————

       This matter is before the undersigned United States Magistrate Judge on Plaintiff's

"Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is

seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).

The matter has been referred to this Court for report and recommendation under 28 U.S.C.

§ 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that

Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

       Plaintiff, a former Minnesota state prison inmate, alleges that while he was in prison,

he was subjected to "unusual punishment for harassment by an officer that submitted a false

discipline report." (Complaint, [Docket No. 1], p. 3, § IV.)  After that report was submitted,

certain unnamed "disciplinary officials" allegedly threatened to assign Plaintiff to segregated

confinement for 120 days, unless he agreed to plead guilty and accept a punishment of fifteen

days in segregated confinement.  (Id.)  Plaintiff apparently acquiesced to the alleged threat,

pled guilty to the allegedly false disciplinary charge, and spent fifteen days in segregated confinement.

Plaintiff further alleges in his complaint that –

"the [disciplinary] report was false and the officer that wrote is [sic] was a Ms. Laura Waldren.  This officer resigned from her employment shortly after filing the false incident report, thus the MN-DOC relied on intimidation to convict me and cover-up any wrong doing [sic] on the part of the officer's [sic]."

(Id.)

Plaintiff is now attempting to sue Joan Fabian, the Commissioner of the Minnesota Department of Corrections, under 42 U.S.C. § 1983.  He apparently believes that his constitutional rights were violated when he was assigned to segregated confinement for fifteen days.  Plaintiff is seeking a judgment for money damages in the amount of $4500.00, ("$300 per day for each day in segregation on phony charges"), as well as a "declaratory judgment stating that the 'due process' of the MN-DOC is faltered and that disciplinary officials acted improper [sic]."  (Id., § V.)

## II.  DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  See also Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) ("Under section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed in forma pauperis 'at any time if ... the action ... fails to state a claim on which relief may be granted.'").

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is

attempting to do here, a claimant must allege historical facts which, if proven true, would show that the named defendant(s) violated the claimant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Furthermore, an actionable civil rights claim "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (same). In other words, civil rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant personally did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights. See Clemmons, 477 F.3d at 967 ("[t]o establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights") (internal quotations and citations omitted).

Plaintiff's current pleading fails to state an actionable civil rights claim against

Defendant Fabian, because it includes no factual allegations describing anything that Defendant Fabian personally did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights.  Indeed, Plaintiff's brief "Statement of Claim" does not even mention Defendant Fabian, nor does it allude to her in any way.  There certainly are no allegations which, if proven true, would establish that Defendant Fabian violated Plaintiff's federal constitutional rights.  Therefore, Plaintiff has failed to plead a cause of action on which relief can be granted.[1]

The Court further notes that even if the current complaint did allege that Defendant Fabian was somehow personally responsible for Plaintiff's assignment to segregated confinement, his complaint still would fail to state an actionable civil rights claim.  The complaint refers to "due process," which suggests that Plaintiff believes that his constitutional rights were violated because he was assigned to segregated confinement without being afforded his Fourteenth Amendment right to due process.  The complaint also refers to "unusual punishment," which suggests that Plaintiff might be seeking relief under the Eighth Amendment's "cruel and unusual punishment" clause.  However, the allegations in the complaint do not support either of those two possible claims.

_____

[1]  It appears that Plaintiff is attempting to hold Defendant Fabian vicariously liable for some allegedly wrongful act or omission by a former employee of the Minnesota Department of Corrections, (namely Laura Waldren).  However, such a claim is not actionable, because government officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  To state an actionable civil rights claim against a government official or entity, a complaint must include factual allegations showing how that particular party personally violated the plaintiff's constitutional rights.  Clemmons, 477 F.3d at 967.  Because there are no such allegations against Defendant Fabian in Plaintiff's present pleading, it fails to state any actionable claim for relief against her.

To maintain an actionable due process claim, a prisoner must allege, (and ultimately prove), that he has been deprived of some constitutionally protected interest without being afforded the protections of due process.   Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake").  For prisoners, a constitutionally protected interest will be found, and the protections of due process will therefore come into play, only when a prisoner has suffered the type of unusual hardship contemplated in Sandin v. Conner, 515 U.S. 472 (1995).

In Sandin, the Supreme Court held that a prisoner cannot show that he has been deprived of a liberty interest warranting due process protection, unless he can show that he suffered an "atypical and significant hardship... in relation to the ordinary incidents of prison life."  Id. at 484.  Our Court of Appeals has interpreted Sandin to mean that prisoner due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences."  Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996) (emphasis added.)

Plaintiff's current complaint does not state an actionable due process claim, because there are no factual allegations showing that he has been subjected to the type of unusual hardship that Sandin requires.  The only "hardship" described in the complaint is Plaintiff's removal from the general prison population, and his reassignment to segregated confinement for fifteen days.  It is well-settled, however, that, for due process purposes, assignment to segregated confinement is considered to be a normal and expectable aspect of a prison sentence.  Therefore, segregated confinement alone is not an "atypical and significant

hardship" that can give rise to a protected liberty interest.  See Portley-el v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002) ("[w]e have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under Sandin"); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (reiterating that "demotion to segregation, even without cause, is not itself an atypical and significant hardship").  See also Howard v. Collins, No. 97-1642 (8th Cir. 1997), 1997 WL 710314 (eight month stint in "ad seg" would not support due process claim).  Because Plaintiff has not shown that he suffered any atypical and significant hardship resulting in the deprivation of a protected liberty interest, he was not entitled to the procedural benefits of due process.  Therefore, Plaintiff has not pleaded an actionable due process claim.

Plaintiff has also failed to state an actionable Eighth Amendment claim, because segregated confinement by itself, even for extended periods, is not considered "cruel and unusual punishment" for Eighth Amendment purposes.  See Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (prisoner's nine-year term of segregated confinement for multiple disciplinary infractions did not violate the Eighth Amendment).  See also Herron v. Schriro, 11 Fed. Appx. 659, 662, (8th Cir.) (unpublished opinion) (upholding district court's rejection of prisoner's Eighth Amendment claim based on thirteen years of segregated confinement), cert. denied, 534 U.S. 1059 (2001).

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint in this matter fails to state any cause of action on which relief can be granted.  The Court will therefore recommend that Plaintiff's complaint be summarily dismissed, and that his IFP application be

denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

be denied; and

2.  This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 17, 2007

 s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 29, 2007.